# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

05-1383L

**CROW CREEK SIOUX TRIBE** CIVIL CASE NO.__________

Plaintiff,

v.

**THE UNITED STATES OF AMERICA,**

Defendant.

FILED
DEC 29 2005
U.S. COURT OF FEDERAL CLAIMS

______________________________/

## COMPLAINT

Plaintiff, CROW CREEK SIOUX TRIBE, hereby brings this Complaint against Defendant, THE UNITED STATES OF AMERICA, as follows:

### Parties

1. Plaintiff, CROW CREEK SIOUX TRIBE (the "Tribe"), is a federally-recognized Indian tribe, recognized by the United States as a sovereign Indian tribe with legal rights and responsibilities, eligible for the special programs and services provided by the United States to Indians because of its status as an Indian tribe.

2. Defendant, United States, holds lands in trust for the CROW CREEK SIOUX TRIBE, and owes the Tribe fiduciary duties with respect to, inter alia, the administration and management of the land and the income derived therefrom.

### Jurisdiction and Venue

3. This Court has jurisdiction over the subject matter of this action under the Tucker Act, 28 U.S.C. §1491(a)(1), and 28 U.S.C. §1505, in that this is a civil action brought by an Indian tribe for money damages, and arises under the Constitution, treaties and agreements between the United States and the Tribe, federal common law and the federal statutes governing the administration and management of property held by the United States in trust for tribes.

Background

4. The Tribe occupies the Crow Creek Reservation in central South Dakota and is the beneficial owner of land and natural resources, including valuable mineral reserves within the Reservation, title to which is held in trust by the United States for the benefit of the Tribe. The Tribe's lands also include land valuable for grazing and agricultural purposes.

5. Under law, tribal land held in trust by the United States is inalienable except as authorized by Congress. 25 U.S.C. §177. Congress has granted the Secretary of the Interior authority to approve conveyances of certain interests in trust land, such as leases, easements, and rights of way. The law further establishes the terms and conditions under which such conveyances may be made, and generally requires that compensation be paid to the tribe for the use of tribal lands.

6. By various Acts of Congress, commencing with statutes adopted more than a century ago, Congress authorized the Secretary of the Interior to collect income from tribal trust property and to deposit such trust income in the United States Treasury and other depositary institutions for the benefit of the tribes. E.g., Act of March 3, 1883, c. 141, § 1, 22 stat. 590. By subsequent statutes, Congress directed that interest be paid on tribal trust funds, and required that such trust funds be invested. See e.g., Act of February 12, 1929, c. 178, 45 Stat. 1164, codified as amended, 25 U.S.C. § 161b; Act of June 24, 1938, 52 Stat. 1037, codified as amended, 25 U.S.C. § 162a.

7. In accordance with law, Defendant assumed control and management over trust property of the Tribe. Defendant has approved leases, easements and grants other interests in trust lands of the Tribe, and the Defendant has assumed responsibility for collection, deposit and investment of the income generated by trust land of the Tribe. These include funds generated by, among other things, oil and gas bid deposits, bonuses, rents, easements, lease and royalty payments, grazing and agricultural leases, and judgments paid to the Tribe.

8. Because the United States holds tribal land in trust, it has assumed the obligations

of a trustee. United States v. Mitchell, 463 U.S. 206, 225 (1983); Cobell v. Norton, 240 F.3d 1081 (D.C. Cir. 2001). As trustee, the United States has a fiduciary relationship and obligations of the highest responsibility and trust to administer the trust with the greatest skill and care possessed by the trustee. The United States "'has charged itself with moral obligations of the highest responsibility and trust' in its conduct with Indians, and its conduct 'should therefore be judged by the most exacting fiduciary standards.'" Cobell, 240 F.3d at 1099 (quoting Seminole Nation v. United States, 316 U.S. 286, 297 (1942)).

9. The trust obligations of the United States include, among other duties, the duty to ensure that tribal trust property and trust funds are protected, preserved and managed so as to produce a maximum return to the tribal owner consistent with the trust character of the property.

10. The trust obligations of the United States include, among other duties, the duty to exercise opportunities to obtain monetary benefits from the land and its resources; enter into fair and reasonable contracts; collect amounts duly owed for use of the trust property; timely credit income to the proper trust accounts; prudently invest trust funds; maintain adequate records with respect to the trust property; maintain adequate systems and controls to guard against error or dishonesty; provide regular and accurate accountings to the trust beneficiaries; and refrain from self-dealing or benefiting from the management of the trust property.

11. Congress has charged the Defendant with fulfilling its obligations as trustee and with responsibility for the administration and management of all trust property of the Tribe.

12. By the Act of December 22, 1987, Pub. L. No. 100-202, 101 Stat. 1329, Congress imposed two requirements on Defendant: 1) to audit and reconcile tribal trust funds, and 2) to provide the tribes with an accounting of such funds. Congress reaffirmed the two mandates of the 1987 Act in subsequent statutes, namely the Act of October 23, 1989, Pub. L. No. 101-121, 103 Stat. 701; the Act of November 5, 1990, Pub. L. No. 101-512, 104 Stat. 1915, and the Act of November 3, 1991, Pub. L. No. 102-154, 105 Stat. 990. By these Acts, Congress further required that the Defendant certify, through an independent party, the results of the reconciliation

of tribal trust funds as the most complete reconciliation possible of such funds.

13. To protect the rights of tribes until accountings of their trust funds could be completed, Congress has provided, in each Interior Department Appropriations Act since 1990 that "the statute of limitations shall not commence to run on any claim concerning losses to or mismanagement of trust funds until the affected tribe or individual Indian has been furnished with an accounting of such funds from which the beneficiary can determine whether there has been a loss." See Act of November 5, 1990, Pub. L. No. 101-512, 104 Stat. 1915; Act of November 13, 1991, Pub. L. No. 102-154, 105 Stat. 990; Act of October 5, 1992, Pub. L. No. 102-381, 106 Stat. 1374; Act of November 11, 1993, Pub. L. No. 103-138, 107 Stat. 1379; Act of September 30, 1994, Pub. L. No. 103-332, 108 Stat. 2499; Act of April 26, 1996, Pub. L. No. 104-134, 110 Stat. 1341; Act of September 30, 1996, Pub. L. No. 104-208, 110 stat. 3009; Act of November 14, 1997, Pub. L. No. 105-83, 111 Stat. 1543; Act of October 21, 1998, Pub. L. No. 105-277, 112 Stat. 2681; Act of November 29, 1999, Pub. L. No. 106-113, 113 Stat. 1501; Act of October 11, 2000, Publ. L. No. 106-291, 114 Stat. 922; Act of November 5, 2001, Pub. L. No. 107-63.

14. On October 25, 1994, Congress enacted the American Indian Trust Fund Management Reform Act, codified at 25 U.S.C. §§ 4001-61. Under this Act, Congress recognized the United States' pre-existing trust responsibilities, and charged the Defendant with additional responsibilities to ensure proper discharge of the trust responsibilities.

15. The Government has breached its fiduciary and statutory duties owed to the Tribe by mismanaging the Tribe's land, natural resources and the income derived therefrom. In addition, the Government failed to pay the Tribe interest or compound interest for certain liquidated amounts constituting breaches of fiduciary duty including, without limitation, unconscionable consideration awards.

16. As a result of the Defendant's mismanagement, the Tribe has lost royalties, interest, income, profits and proceeds which would have been earned from the land and its

resources, and collected for the benefit of the Tribe, if the Government had sufficiently performed its administration and management duties.

17. The Tribe has commenced an action against the Government for an accounting in the U.S. District Court for the District of Columbia, case no. 04CV00900, which action is pending. To the extent that such an accounting, to which the Tribe is entitled, determines that the Tribe has a monetary claim against the Defendant, the Tribe seeks damages on that claim in this action.

**Claim for Relief**

**Breach of Fiduciary Duty**

18. Plaintiff repeats and realleges the allegations in paragraphs 1 through 17 above.

19. Defendant owes the Tribe a fiduciary duty and obligations of the highest responsibility and trust to administer the Tribe's trust lands and funds properly with the greatest skill and care possessed by the trustee.

20. Defendant's fiduciary duties include, among others, the duty to prudently manage and administer the Tribe's natural resources and trust funds.

21. Defendant breached its fiduciary duties to Plaintiff through mismanagement of the Tribe's land and natural resources. This mismanagement includes, among other things, entering into below-market contracts for the land or its natural resources; failing to collect rent, royalties or other proceeds; and failing in the exercise of prudence and care to exercise opportunities for the productive use of land and its resources.

22. The Government has also breached its fiduciary duties with regard to the Tribe's trust funds by, among other things, failing or delaying to (i) collect payments due from third parties; (ii) deposit funds into the Tribe's interest bearing trust accounts; (iii) assess and collect penalties for late payment; (iv) prudently invest trust funds in its capacity as trustee; and (v) credit investment income to the trust.

23. The Government has failed to provide an accounting from which the Tribe can

discern the nature and extent of any losses suffered which would give rise to a cause of action against the Government as trustee.

24. The Government knew or should have known of its transactions, acts and omissions which were in breach of its fiduciary duties, yet failed to advise the Tribe of same.

25. The Tribe was denied essential information necessary to be aware of the wrongs committed by the Government. The Tribe has been unable to discover its injuries because this information is peculiarly within the knowledge of the Government as trustee.

26. The wrongs committed by the Government as trustee in the mismanagement of the land and the Tribe's trust funds were inherently unknowable to the Tribe. Due diligence by the Tribe would not have prompted discovery of these wrongs.

27. As a direct and proximate result of the Government's fiduciary breaches, Plaintiff has suffered monetary damages.

28. This Court has jurisdiction to award money damages on Plaintiffs' claim for breach of fiduciary duties.

WHEREFORE, Plaintiff CROW CREEK SIOUX TRIBE demands compensatory damages against Defendant, interest, costs, attorneys' fees, and all other and further relief as this Court deems just and proper.

DATED THIS 28TH day of December, 2005.

Respectfully submitted,

HERMAN & MERMELSTEIN, P.A.
Attorneys for Plaintiff
18205 Biscayne Boulevard
Suite 2218
Miami, Florida 33021
Telephone (305) 931-2200
Facsimile: (305) 931-0877

By: ______________________
JEFFREY M. HERMAN, ESQ.
STUART S. MERMELSTEIN, ESQ.