IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CROW CREEK SIOUX TRIBE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-1383L |
| | ) | Judge Mary Ellen Coster Williams |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S MOTION FOR TEMPORARY STAY OF LITIGATION OR, IN THE ALTERNATIVE, DISMISSAL WITHOUT PREJUDICE**

Pursuant to Rule 6.1 of the Rules of the Court of Federal Claims (RCFC), Defendant United States of America respectfully request that this Court issue a stay of this litigation (in particular, the March 30, 2006 deadline for Defendant to file the Answer or otherwise respond to the Complaint in the case), until after Plaintiff has resolved outstanding questions about the status of this case and of Plaintiff's legal representation therein and Plaintiff has so informed the Court and Defendant. In the alternative, Defendant respectfully requests that the Court dismiss the case without prejudice. The grounds for this motion are as follows:

1. Plaintiff, by and through the law firm Herman & Mermelstein, P.A., filed this case on December 29, 2005. Under RCFC 12, the Answer was due February 28, 2006. On February 24, Defendant filed an unopposed motion for enlargement of time within which to file its Answer or otherwise respond to the Complaint. On February 27, this Court granted Defendant's motion. Under the Court's order, the Answer is currently due March 30, 2006.

2. Counsel for Defendants have received copies of two Tribal resolutions regarding Plaintiff's legal representation in litigation involving its trust accounting and trust mismanagement claims. See Defendant's Exhibits (Def. Exhs.) 1 and 2 hereto. The two resolutions are dated

December 14, 2005. Id.

3. The first Tribal resolution (Number CC-05-12-14-01), entitled "Authorization & Approval for Termination of Attorney Contract Between the Crow Creek Sioux Tribe of South Dakota and Herman & Mermelstein," stated, in relevant part,

> WHEREAS: On December 14, 2005, the Crow Creek Tribal Council authorized, via Resolution Number CC-05-12-14-01, the Chairman of the Tribe to enter into an attorney contract on the Tribe's behalf with the law firm of Herman & Mermelstein for the purpose of filing a lawsuit against the Departments of [the] Interior and [the] Treasury in an action for an accounting of trust funds and related relief on a contingency basis; and,
>
> WHEREAS: The contract with Herman & Mermelstein specifies that the agreement may be terminated by the Client at any time by giving written notice to the law firm; and
>
> WHEREAS: The law firm did not correspond or in anyway [sic] communicate with the Tribal Council conerning the deposition of the lawsuit, and the current Chairman of the Crow Creek Sioux Tribe and Tribal Council were not even aware that the Tribe had a lawsuit pending in the United States District Court for the District of Columbia (Crow Creek Sioux Tribe v. Norton, Civil No. 04-CV-00900) until November, 2005; and
>
> WHEREAS: The Tribal Council believes that the Herman & Mermelstein law firm has been negligent in their [sic] representation of the Crow Creek Sioux Tribe, as evidenced by the lack of communication with the Tribe, and failure to notify the Tribe; and,
>
> WHEREAS: The Tribal Council believes that the Tribe's best interest will be served by terminating the Tribe's contract with the Herman & Mermelstein law firm and hiring other legal council [sic] to represent it in its funds lawsuit; and,
>
> NOW THEREFORE BE IT RESOLVED: THAT THE CROW CREEK SIOUX TRIBAL COUNCIL[,] ASSEMBLED IN SPECIAL SESSION THIS 14th DAY OF DECEMBER[,] 2005[,] DOES HEREBY AUTHORIZE AND APPROVE THE TERMINATION OF THE AGREEMENT FOR LEGAL SERVICES BETWEEN THE CROW CREEK SIOUX TRIBE AND THE LAW FIRM OF

> HERMAN & MERMELSTEIN[.]

Def. Exh. 1 at 1.

4. The second Tribal resolution (Number CC-05-12-14-02), entitled "Authorization & Approval for Agreement for Special Attorney Contract Between CCST and the Law Offices of Gregory A. Yates, P.C., Johnson Thompson LLP, and Attorney Mario Gonzalez ("the Attorneys")," stated, in relevant part,

> WHEREAS: The Tribe is currently without legal counsel to represent it and replace the Herman & Mermelstein law firm in the civil case filed by said firm now pending in the United States District Court for the District of Columbia (Crow Creek Sioux Tribe v. Norton, Civil No. 04-CV-00900); and,
>
> WHEREAS: The Tribal Council believes that it must immediately retain the services of competent legal counsel to represent it in Civil No. 04-CV-00900, and any other actions that may be necessary regarding mismanagement of the Tribe's trust property, funds[,] and accounts; and,
>
> WHEREAS: The Tribal Council believes that the Tribe's best interest will be served by retaining the services of the Law Offices of Gregory A. Yates, P.C., Johnson Thompson LLP, and Attorney Mario Gonzalez (an Individual); and,
>
> NOW THEREFORE BE IT RESOLVED: THAT THE CROW CREEK SIOUX TRIBAL COUNCIL ASSEMBLED IN SPECIAL SESSION THIS 14th DAY OF DECEMBER[,] 2005[,] DO HEREBY AUTHORIZE AND APPROVE THAT THE TRIBAL COUNCIL HEREBY APPROVES THE SPECIAL COUNSEL CONTRACT OF THE LAW OFFICES OF GREGORY A. YATES, P.C., JOHNSON THOMPSON LLP[,] AND ATTORNEY MARIO GONZALEZ (AN INDIVIDUAL), A COPY OF WHICH IS ATTACHED HERETO AND INCORPORATED[ ] HEREIN[.]

Def. Exh. 2 at 1.

5. These two Tribal resolutions raise significant questions about the status of Plaintiff's legal representation in this case. Defs. Exh. 1 and 2. Additionally, the resolutions cast serious doubt

about the status of this lawsuit, in particular, whether Plaintiff has properly approved and authorized or is even aware of the filing of the case by the law firm of Herman & Mermelstein, given that the firm filed the Complaint on December 29, 2005, some 15 days after Plaintiff passed the resolutions that not only terminated Plaintiff's legal services contract with the Herman & Mermelstein firm but also approved and authorized a legal services contract with a new set of attorneys. Id.

6. As far as undersigned counsel for Defendants is aware, none of the new attorneys referenced in Tribal Resolution Number CC-05-12-14-02—Gregory A. Yates, Johnson Thompson LLP, and Mario Gonzalez—has contacted counsel for Defendants or entered an appearance in this case or in the case currently pending in the United States District Court for the District of Columbia, Crow Creek Sioux Tribe v. Norton, Civ. No. 04-CV-00900.

7. Given the significance and seriousness of the questions and doubt that have been raised by Plaintiff's Tribal resolutions about whether Plaintiff is currently being represented by counsel, whether Plaintiff has approved and authorized this case, and whether Plaintiff even knows that the case has been filed and is being prosecuted on its behalf, Defendant respectfully request that the Court grant the following relief:

a. Issue a temporary stay of this litigation, at least until after Plaintiff has resolved any issues relating to the status of its legal representation and the status of this case and Plaintiff has demonstrated such resolution to the Court and Defendant. The temporary stay should begin immediately and, among other things, defer the filing deadline for the Answer or Defendant's response to the Complaint (currently, March 30, 2006) until after the termination of the stay;

b. Require Plaintiff to file a motion to dissolve the temporary stay of litigation, after Plaintiff has resolved the issues relating to the status of its legal representation and the status

of this case;

c. Allow briefing (if any) on Plaintiff's motion to proceed in accordance with the schedule prescribed by the RCFC; and

d. In the event that the Court issues an order granting Plaintiff's motion, lifting the temporary stay of litigation, and reinstating the litigation, allow Defendant to file its Answer or response to the Complaint within 30 days of the date of the issuance of the order.

8. In the alternative, Defendant requests that this Court dismiss the case without prejudice to re-filing by Plaintiff, once Plaintiff has resolved any issues regarding its legal representation and the litigation.

9. Counsel for Defendant, Jennifer L. Allaire and Anthony P. Hoang, have communicated by telephone and in writing with Plaintiff's current counsel of record, Jeffrey M. Herman and Stuart Mermelstein, of the Herman & Mermelstein law firm, about Plaintiff's Tribal resolutions. See, e.g., Def. Exhs. 3-4. In addition, Mr. Hoang conferred with Mr. Herman about Defendant's motion on March 23, 2006. Mr. Herman stated that he was unable to take a position on behalf of Plaintiff regarding the motion.

10. The granting of this motion will not unduly prejudice the rights and interests of the parties in this case. In fact, it will aid the parties, especially Plaintiff, as well as the Court, by clarifying such crucial matters as whether Plaintiff has duly approved and authorized its legal representation and the filing and prosecution of this case. In short, it will serve the interests of the parties and promote judicial efficiency and economy.

WHEREFORE, Defendant respectfully requests that its motion for temporary stay of litigation or, in the alternative, for dismissal without prejudice be GRANTED.

Respectfully submitted this 23rd day of March, 2006,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General

*s/ Jennifer L. Allaire*
JENNIFER L. ALLAIRE
United States Department of Justice
Environment and Natural Resources Division
P. O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0456
Fax: (202) 353-2021

Attorney of Record for Defendant

OF COUNSEL:

ANTHONY P. HOANG
MARTIN J. LALONDE
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241
Tel: (202) 305-0247
Fax: (202) 353-2021

CATHERINE GOSHE
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240