# EXHIBIT 2

# TRIBAL RESOLUTION

CROW CREEK AGENCY
FORT THOMPSON, SD

2006 JAN 10 AM 9:40

NUMBER CC-05-12-14-02

SUBJECT **AUTHORIZATION & APPROVAL FOR AGREEMENT FOR SPECIAL ATTORNEY CONTRACT BETWEEN CCST AND THE LAW OFFICES OF GREGORY A. YATES, P.C., JOHNSON THOMPSON LLP AND ATTORNEY MARIO GONZALEZ ("THE ATTORNEYS")**

**WHEREAS:** The Crow Creek Sioux Tribe is a federally recognized Indian tribe organized under a constitution and bylaws approved by the Secretary of Interior; and,

**WHEREAS:** Pursuant to Article VI, Section 1.(J), of the Constitution of the Crow Creek Sioux Tribe of South Dakota, the tribal council has the power to employ counsel for the protection and advancement of the rights of the tribe and its members, the choice of counsel and fixing of fees to be subject to the approval of the Secretary of the Interior; and,

**WHEREAS:** The Tribe is currently without legal counsel to represent it and replace the Herman & Mermelstein law firm in the civil case filed by said firm now pending in the United States District Court for the District of Columbia (Crow Creek Sioux Tribe v. Norton, Civil No. 04-CV-00900); and,

**WHEREAS:** The Tribal Council believes that it must immediately retain the services of competent legal counsel to represent it in Civil No. 04-CV-00900, and any other actions that may be necessary regarding mismanagement of the Tribe's trust property, funds and accounts; and,

**WHEREAS:** The Tribal Council believes that the Tribe's best interest will be served by retaining the services of the Law *Offices of Gregory A. Yates, P.C., Johnson Thompson LLP and Attorney Mario Gonzalez (an Individual)*; and,

**NOW THEREFORE BE IT RESOLVED; THAT** THE CROW CREEK SIOUX TRIBAL COUNCIL ASSEMBLED IN SPECIAL SESSION THIS 14th DAY OF DECEMBER 2005. DO HEREBY AUTHORIZE AND APPROVE THAT THE TRIBAL COUNCIL HEREBY APPROVES THE SPECIAL COUNSEL CONTRACT OF THE LAW OFFICES OF GREGORY A. YATES, P.C., JOHNSON THOMPSON LLP AND ATTORNEY MARIO GONZALEZ (AN INDIVIDUAL), A COPY OF WHICH IS ATTACHED HERETO AND INCORPORATED; HEREIN, AND,

**BE IT FURTHER RESOLVED; THAT** THE TRIBAL COUNCIL HEREBY AUTHORIZES AND DIRECTS THE CHAIRMAN OF THE CROW CREEK SIOUX TRIBE TO EXECUTE SAID ATTORNEY'S CONTRACT; AND,

**BE IT FURTHER RESOLVED; THAT** THE TRIBAL COUNCIL HEREBY AUTHORIZES THE ATTORNEYS TO FILE A CLASS ACTION USING THE CROW CREEK SIOUX TRIBE AS THE CLASS ACTION REPRESENTATIVE IN THE UNITED STATES DISTRICT COURT OF THE DISTRICT OF COLUMBIA IF THE ATTORNEYS DEEM IT APPROPRIATE TO PROCEED AND LITIGATE THE TRIBES CLAIMS IN A CLASS ACTION; AND,

**BE IT FURTHER RESOLVED; THAT** THE SECRETARY OF THE TRIBE IS HEREBY DIRECTED TO SUBMIT THE SAID ATTORNEY'S CONTRACT TO THE BUREAU OF INDIAN AFFAIRS FOR APPROVAL; AND,

**BE IT FURTHER RESOLVED; THAT** THE TRIBAL CHAIRMAN, TRIBAL COUNCIL OR CHAIN OF COMMAND ARE AUTHORIZED TO SIGN ANY AND ALL DOCUMENTS PERTAINING TO THIS MATTER.

**MOTION:** C. KIRKIE **SECOND:** N. THOMPSON, SR.

**VOTE: -8-FOR:** C. KIRKIE, N. THOMPSON, SR., J. SAZUE, JR., D. BIG EAGLE, SR.
**-1-NOT VOTING:** VICE-CHAIRMAN L. FALLIS, SR., CHAIRED THE MEETING
**-2-ABSENT:** COUNCIL MEMBER D. MCGHEE
***ABSENT: CHAIRMAN D. BIG EAGLE, SR.***

## CERTIFICATION

THE FOREGOING RESOLUTION was duly adopted by the Crow Creek Sioux Tribal Council on the **14th** day of **DECEMBER**, 2005 in a **SPECIAL** Session by a vote of **-8-** for, **-0-** against, **-2-** absent **-1-** not voting for The Crow Creek Sioux Tribe, pursuant to authority vested in it by Article VI, Section 1 of the Constitution of the Tribe, ratified by the Tribe on March 11, 1949 and approved by the Secretary of the Interior on April 26, 1949 and with amendments approved by the Commissioner of Indian Affairs on June 22, 1961, February 25, 1963 and by the Area Director on June 23, 1980.

ATTEST:

*Chairman*-Duane D. Big Eagle, Sr.

*Secretary*-Donald Big Eagle, Sr.

Send to BIA with Resolution

# SPECIAL COUNSEL AGREEMENT FOR LEGAL SERVICES

This Agreement for Legal Services ("Agreement") is between the Crow Creek Sioux Tribe ("Client"), and The Law Offices of Gregory A. Yates, P.C., Johnson Thompson LLP and Mario Gonzalez, an individual (each, an "Attorney" and individually and collectively, the "Attorneys").

WHEREAS, Client desires to have the Attorneys perform certain legal services for Client, as set forth herein, and the Attorneys are willing to perform such services;

NOW, THEREFORE, in consideration of the mutual promises contained herein the parties hereto agree as follows:

1. Attorneys Retained. Client, acting through its Tribal Council, under the authority of its Constitution and By-Laws, has the power and responsibility to employ legal counsel and hereby contracts with, retains and employs the Attorneys for legal services as provided in Section 2 of this Agreement by Resolution of the Tribal Council adopted on the 14th day of December, 2005, which is attached to and made a part of this Agreement.

RECEIVED CROW CREEK AGENCY FORT THOMPSON, SD

2. Legal Services. The Attorneys shall provide legal counseling and services with regard to representation of Client in a claim(s) for damages and/or equitable relief against the United States of America for mismanagement and other breaches relating to Tribal Trust Property and Tribal Trust Accounts ("Claim"), provided however, that such services will not include any claims for damages and/or equitable relief regarding Indian Claims Commission Docket 74-A A/K/A Court of Claims Docket 148-78 (1851 Ft. Laramie Treaty/Aboriginal Title Claims) and Docket 74-B (Black Hills Claim) that the Rosebud Sioux Tribe has rejected with the other tribes of the Sioux Nation, and has demanded instead of said awards, a final legislative settlement with the United States Government that includes land restoration to the Tribe.

2006 JAN 18 PM 4:06 RECEIVED CROW CREEK AGENCY FORT THOMPSON, SD

3. The Attorneys shall provide legal counseling with regard to representation of Client in a claim for an accounting and damages against the United States of America for mismanagement of Tribal Trust Property and Tribal Trust Accounts ("Claims").

4. Place of Performance. The Attorneys shall provide the Legal Services under this Agreement where they deem prudent or necessary.

5. Fees and Fee Ceiling; Fee Division; Fee Application; Outside Attorneys.

a. In consideration of the services to be rendered, Client shall compensate the Attorneys on a contingency fee basis and, if no recovery is made, Client will not be indebted to the Attorneys for any sum whatsoever. As compensation for services, Client agrees to pay the Attorneys the greater of the following:

i) Twenty-five percent (25%) of any recovery from the gross proceeds ("Contingent Fee"). Gross proceeds shall include any amount obtained in settlement, by judgment or court order, reparation, congressional or Government Act, or through an accounting or other remedy, whereby Client is determined or found to be entitled to monies (for which payment is made to Client or credit given to the Tribal trust account),to which there has not been a final determination as to such entitlement, credit or right as of the date of this Agreement; or

ii) The amount recovered as attorney fees awarded by a court or other legal or administrative tribunal or authority, as authorized by statute or other law, with respect to the Claim ("Court-Awarded Fees").

b. Client acknowledges that the Attorneys shall divide the Attorneys' share of the recovery among themselves. The Attorneys shall take into account the following factors in determining such division: the costs of the case advanced by each Attorney, and interest on those amounts; the efforts that each Attorney contributes to the case; and whether an individual Attorney or Attorneys referred the case to the Attorneys.

c. In the event that Court-Awarded Fees are paid to Attorneys, and such Court-Awarded Fees are less than the Contingent Fee, then in order to effectuate the purpose of section 4 (a) of this Agreement, Client shall pay to Attorneys a sum equal to the Contingent Fee minus the Court-Awarded Fees. Client agrees to take all steps as may be reasonably requested by Attorneys in support of an application for Court-Awarded Fees, and shall otherwise cooperate with Attorneys in efforts to collect attorney fees and/or costs related to the Claim. Further, Client hereby assigns to Attorneys all of Client's right, title and interest in the Court-Awarded Fees, as well as to any court-

ordered costs. Client understands that any order awarding attorney fees and/or costs will not affect Client's obligation to pay attorney fees and/or costs under this Agreement. Client agrees that notwithstanding an order awarding attorney's fees and/or costs, Client will remain responsible for payment in full of attorney fees and costs in accord with this Agreement.

d. Client hereby grants to Attorneys a lien, in an amount equal to the amount of attorney fees and costs payable to Attorneys under this Agreement, on the "gross proceeds" described in section 4(a)(i) of this Agreement. This lien may be enforced in any court of competent jurisdiction.

e. The Client authorizes the Attorneys to engage attorneys not affiliated with the Attorneys as needed to assist with the Client's case, at the expense of Attorneys. Any fees paid to such other attorneys will not increase the amount of fees due from Client to Attorneys under this Agreement. However, expenses incurred by such attorneys in furtherance of representation of the Client with respect to the Claim shall be reimbursed by Client in accord with section 6 below. If requested, Client agrees to enter into separate retainer agreements with such attorneys consistent with the terms of this Agreement.

f. In accordance with applicable law, Attorneys hereby notify client that the amount of fees payable to Attorneys herein is not set by law, but is negotiable between attorney and client.

6. Expenses. In addition to the foregoing, Client authorizes the Attorneys to undertake and incur such costs as deemed necessary from time to time. Such costs shall be advanced by the Attorneys and deducted from the recovery or settlement after attorney's fees are paid. If an award of costs is obtained and recovered with respect to the Claim, such sum shall be deducted from the amount of expenses otherwise payable by Client to Attorneys. If monetary sanctions determined as a function of attorney's fees (as distinct from costs, such as filing fees) are awarded to Client or Attorneys during the course of any litigation, such sanctions shall not be considered part of Client's recovery subject to the contingent fee, but shall be deemed compensation to counsel for extraordinary time and effort expended as a result of an opposing party's bad faith conduct or failure to comply with applicable statutes, rules, orders and/or procedures. Sanctions determined based on costs incurred shall be credited to Client's cost account when received by Attorney.

7. Term of Contract. This Agreement is for a term beginning on the date hereof through the date gross proceeds are recovered as set forth in section 4(a)(i) and/or attorney fees and costs are awarded, whichever is later, unless this Agreement is terminated earlier as provided herein.

8. Independent Contractor. The Attorneys shall perform services hereunder as an independent contractor and not as an employee, partner, or agent of Client. Client understands that Attorneys are from separate law firms and are not partners of each other. Attorneys are working together on the Claim in furtherance of Client's interests.

9. Protection of Confidential Information. All work product of the Attorneys in the performance of this Agreement, including without limitation, analyses, reports, documents and other information, shall be considered Confidential Information. Any information disclosed to the Attorneys by Client or others on behalf of Client in connection with this Agreement shall also be considered Confidential Information.

Except as Client may authorize in writing, the Attorneys shall not disclose any Confidential Information or use it for any purpose other than the performance of services under this Agreement. Promptly upon Client's request, the Attorneys shall deliver to Client all Confidential Information received from Client or others which the Attorneys have in their possession, but the Attorneys are authorized to retain copies for archival purposes.

10. Termination. This Agreement may be terminated by the Client at any time by giving written notice to each of the Attorneys. This Agreement may be terminated by the Attorneys at any time be giving thirty (30) days written notice to the Client. If this Agreement may be so terminated, the Attorneys shall receive such compensation as the Client and the Attorneys may determine equitably to be due to the date of termination.

The death of all of the Attorneys shall terminate this Agreement. If one or more of the Attorneys dies and there is left surviving one or more who is party to this Agreement or who holds an interest therein under an assignment duly approved by the Client, such surviving attorney or attorneys shall serve as the attorneys under this Agreement until it expires or is terminated in accordance with the terms hereof.

11. Dispute Resolution. The parties acknowledge and agree that a disagreement may arise as to the interpretation or enforcement of the provisions of this Agreement. In the event that such disagreements may occur, the parties agree that such disagreements will be resolved by final and binding arbitration. The arbitration panel will consist of three members, with the Client and the Attorneys each appointing one member and mutually agreeing to a third member. The arbitration panel will utilize the American Arbitration Association's commercial rules of procedure for arbitration. Any final decision of the arbitration panel will be enforceable through any court of competent jurisdiction. The arbitrators shall have authority to award reasonable attorneys' fees and other costs incurred in such proceeding.

12. Applicable Law. This Agreement shall in all respects be governed by and construed in accordance with the commercial laws of the State of South Dakota.

13. Entire Agreement. This Agreement constitutes the entire agreement and supersedes all prior agreements and understanding, both written and oral, between the parties relating to the subject matter hereof. It shall not be amended, supplemented or superseded except by a written agreement signed by the Client and each of the Attorneys.

14. Waiver. Failure of either party to this Agreement to enforce at any time any of the provisions of this Agreement shall in no way be construed to be a waiver of such provisions nor in any way affect the validity of this Agreement or any part thereof or the right of either party thereafter to enforce each and every provision thereof. The waiver of any provision of this Agreement or any breach thereof shall not constitute waiver of any subsequent breach of the same or any other provision of this Agreement.

15. Stipulation of Good Standing. The Attorneys stipulate that each attorney affiliated with the Attorneys is a fully licensed member in good standing of the Bar of his or her state of primary practice and, to the best of their knowledge, no disciplinary proceedings have been instituted against any of such attorneys by any bar association of any jurisdiction of the United States or its territories which are pending and/or unresolved, and that no such attorney is disbarred or suspended from practice of law in any jurisdiction in the United States or its territories.

16. Notices. All notices, invoices, correspondence, consents, requests, demands, and other communications hereunder shall be in

writing and shall be deemed to have been duly given when actually received. Such notices may be given personally, by registered or certified mail, or by facsimile transmission.

If to Client:

Crow Creek Sioux Tribe
Attn: Chairman
P.O. Box 50
Ft. Thompson, South Dakota 57339
Fax: (605) 473-5606

If to the Attorneys:

The Law Offices of Gregory A. Yates, P.C.
Attn: Gregory A. Yates
16830 Ventura Boulevard, Suite 250
Encino, CA 91436
Fax: (818) 905-7038

Johnson Thompson LLP
Attn: Maurice Johnson
10844 Old Mill Road, Suite 4
Omaha, NE 68154
Fax: 402-934-0714

The Law Offices of Mario Gonzalez
Attn: Mario Gonzalez
522 Seventh Street, Suite 202
Rapid City, SD 57701-2756
Fax: (605) 716-6357

or to such other address as either party shall have last designated by notice to the other party hereto.

17. Effective Date. Notwithstanding its later date of execution this Agreement for Legal Services is effective on the 14th day of December, 2005.

18. Authority. In signing this Agreement, each person whose signature appears in the Agreement represents that he/she is duly authorized to enter into this Agreement on behalf of the party indicated in the Agreement.

IN WITNESS WHEREOF, the parties have executed this Agreement for Legal Services on the dates affixed below.

CROW CREEK SIOUX TRIBE

DATE: ______ By: ______________________
Duane Big Eagle, Chairman

THE LAW OFFICES OF GREGORY A. YATES, P.C.

DATE: 12-14-05 By: ______________________
Gregory A. Yates, Sole Shareholder

JOHNSON THOMPSON, LLP

DATE: 12-14-05 By: ______________________
Maurice Johnson, Partner

THE LAW OFFICES OF MARIO GONZALEZ

DATE: 12-14-05 By: ______________________
Mario Gonzalez, An Individual