# In the United States Court of Federal Claims

### No. 05-1383L
### (Filed: March 8, 2012)
### (Not for Publication)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                          *
CROW CREEK SIOUX TRIBE,                    *
                                          *
              Plaintiff,                   *
                                          *
      v.                                   *
                                          *
THE UNITED STATES,                         *
                                          *
              Defendant.                   *
                                          *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

_____

## ORDER OF DISMISSAL
_____

**WILLIAMS,** Judge.

      Plaintiff Crow Creek Sioux Tribe filed this suit on December 29, 2005, seeking damages for Defendant's breach of fiduciary duties and mismanagement of Plaintiff's trust corpus. Almost 19 months earlier, on June 2, 2004, Plaintiff had filed a similar case against the Secretary of the Interior and the Secretary of the Treasury for declaratory and injunctive relief in the United States District Court for the District of Columbia. Crow Creek Sioux Tribe v. Norton, No. 1:04-cv-00900 (D.D.C.).

      Defendant moves to dismiss Plaintiff's complaint pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") and 28 U.S.C. § 1500 (2006). As set forth below, Plaintiff's District Court action is "for or in respect to" the same claim as the instant action and was pending at the time this action was filed. The Court is therefore bound by § 1500 to dismiss Plaintiff's action.

## Background

      Plaintiff is a federally recognized Indian tribe. On June 2, 2004, Plaintiff filed a complaint in the United States District Court for the District of Columbia ("District Court Complaint") against the Secretary of the Interior and the Secretary of the Treasury, seeking relief for defendants' alleged breach of fiduciary duties and mismanagement of Plaintiff's trust corpus. Plaintiff further claimed that defendants had failed to provide it with an accounting of its

trust funds.  Plaintiff sought declaratory and injunctive relief regarding defendants' alleged failure to provide a proper accounting, but did not seek damages.

On December 29, 2005, Plaintiff filed a similar complaint against the United States in this Court ("CFC Complaint").  In the CFC Complaint, Plaintiff alleged that Defendant had breached its fiduciary duties through mismanagement of Plaintiff's land and natural resources. Plaintiff asserted that Defendant also breached its fiduciary duties "with regards to [Plaintiff's] trust funds by . . . failing or delaying to (i) collect payments due from third parties; (ii) deposit funds into [Plaintiff's] interest bearing trust accounts; (iii) assess and collect penalties for late payment; (iv) prudently invest trust funds in its capacity as trustee; and (v) credit investment income to the trust."  CFC Compl. ¶ 22.  Furthermore, as in the District Court Complaint, Plaintiff argued that Defendant had failed to provide an accounting from which Plaintiff could discern the nature and extent of any losses suffered.  Unlike in the District Court Complaint, however, Plaintiff sought only damages in the CFC Complaint.

After obtaining new counsel, Plaintiff filed an amended complaint in the District Court on September 19, 2006, adding the Special Trustee, Office of Special Trustee for American Indians as a defendant.  Plaintiff also added a new request for injunctive relief, seeking to compel Defendant to manage Plaintiff's current and future trust funds and trust assets in compliance with the law.  On December 27, 2006, Plaintiff filed an amended complaint in this case.  In the amended complaint, Plaintiff alleged new details describing Defendant's breach of fiduciary duty and sought consequential damages, incidental damages, interest, litigation costs, and attorney's fees.  Since 2007, this case has been stayed at the request of the parties.  On July 27, 2011, Defendant filed its motion to dismiss.  The stay remains in effect except for the limited purpose of determining whether the Court has subject-matter jurisdiction.

## Discussion

When deciding a motion to dismiss under RCFC 12(b)(1), the Court assumes all factual allegations to be true and construes "all reasonable inferences in plaintiff's favor."  Hall v. United States, 74 Fed. Cl. 391, 393 (2006) (quoting Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995)).  Plaintiff bears the burden of establishing subject-matter jurisdiction by a preponderance of the evidence before the Court proceeds to the merits of the action.  Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988); see also Naskar v. United States, 82 Fed. Cl. 319, 320 (2008); Fullard v. United States, 78 Fed. Cl. 294, 299 (2007); BearingPoint, Inc. v. United States, 77 Fed. Cl. 189, 193 (2007).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  RCFC 12(h)(3); see also Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).

Claims before this Court are subject to § 1500, which provides:

The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect

thereto, acting or professing to act, directly or indirectly under the authority of the United States.

28 U.S.C. § 1500.

The Supreme Court recently clarified § 1500's operation in United States v. Tohono O'Odham Nation, 131 S.Ct. 1723 (2011). In Tohono, the Tohono O'Odham Nation ("Nation") filed a district court action against federal officials for breach of fiduciary duty with respect to the management of tribal assets held in trust by the government and sought equitable relief, including an accounting of trust property. Id. at 1727. The Nation then filed a complaint in the Court of Federal Claims, describing the same assets and fiduciary duties, but seeking damages. Id. The Supreme Court explained that, for purposes of § 1500, "[t]wo suits are for or in respect to the same claim, precluding jurisdiction in the CFC, if they are based on substantially the same operative facts, regardless of the relief sought in each suit." Id. at 1731. The Court then reasoned that the CFC lacked jurisdiction over the Nation's action because, in both the CFC and the district court complaints, the Nation "allege[d] that the United States holds the same assets in trust for the Nation's benefit" and "describe[d] almost identical breaches of fiduciary duty -- that the United States engaged in self-dealing and imprudent investment, and failed to provide an accurate accounting of the assets held in trust . . . ." Id.

In the wake of Tohono, the Federal Circuit indicated that a court should "determine whether two suits share substantially the same operative facts by applying the test developed" in Keene Corp. v. United States, 508 U.S. 200, 212 (1993). Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1164 (Fed. Cir. 2011). The Keene test requires a comparison between the claims raised in the Court of Federal Claims and in the district court lawsuit without any regard to "legal theories underlying the asserted claims." Trusted Integration, 659 F.3d at 1164 (citing Keene, 508 U.S. at 210). See also Cent. Pines Lands Co., 99 Fed. Cl. at 401 ("[C]ourts have held that the facts alleged in two complaints need not be identical for section 1500 to apply; rather, the two complaints must stem from the same events.") (citing Griffin v. United States, 590 F.3d 1291, 1294 (Fed. Cir. 2009)).

In this case, Plaintiff argues that the CFC and District Court complaints do not share a substantial overlap in operative facts because, while the District Court action focuses on Defendant's duty to maintain adequate records, the action in this Court focuses on Defendant's management of Plaintiff's resources.[1] More specifically, Plaintiff argues that the operative facts of the District Court case "concern the government's conduct in providing an accounting, as well as the nature, scope, accuracy and completeness of the accounting, assuming one has been performed." Pl.'s Resp. 6. Plaintiff contends that the CFC action, conversely, "concerns the analysis of specific trust related transactions" to determine whether the United States owes Plaintiff damages for failure to manage tribal assets. Id. Plaintiff therefore concludes that "the distinct duties on which each case is based are independent of each other and the evaluation of each claim and the proof necessary to prevail in the two cases are entirely different." Id. at 7.

---

[1] According to Plaintiff, these assets include grazing rights, agricultural rights, and monetary funds. See CFC Compl. ¶¶ 8, 16-18, 20; Dist. Ct. Compl. ¶¶ 8, 11-12.

A comparison of the two complaints, however, reveals that they share a substantial overlap in operative facts.  While it is true that the District Court action emphasizes the defendants' recordkeeping duties where the action in this Court emphasizes Defendant's duties to manage tribal assets, the alleged violations of these duties all spring from common -- essentially identical -- facts.  The complaints each allege the existence of a fiduciary relationship between the United States as trustee and Plaintiff as beneficiary; the treaty, statutory, and regulatory obligations of the United States and its officers to provide and manage monies for Plaintiff; the United States' duty to manage valuable tribal assets including grazing rights and agricultural rights and land held in trust for the benefit of Plaintiff; the scope of the United States' fiduciary duty as encompassing adequate systems of recordkeeping and accounting; and the United States' extensive pattern of neglecting its legal duties to Plaintiff, specifically those related to recordkeeping and accounting.

The common allegations in both the original and amended complaints in both venues -- that the United States holds certain assets in trust for Plaintiff's benefit and has mismanaged those assets -- are sufficient to constitute a significant overlap in operative facts.  Tohono, 131 S.Ct. at 1731.  See Trusted Integration, 659 F.3d at 1164; Tohono O'odham Nation v. United States, 79 Fed. Cl. 645, 657-58 (2007).  The breaches alleged by Plaintiff in each complaint spring from a common course of action by the United States and its agents, and the CFC suit is thus "for or in respect to" the District Court claim.  See Ak-Chin Indian Community v. United States, 80 Fed. Cl. 305, 319 (2008) ("The nature of Indian trust cases and the government's trust responsibility owed to Indian tribes does not lend itself to a simple delineation or separation of operative facts as they pertain to the government's various duties owed to Indian tribes.").  This conclusion is consistent with a number of the Court of Federal Claims' decisions, issued following Tohono, in which an Indian tribe filed nearly identical complaints in this Court and in a United States district court.  See, e.g., Nw. Band of Shoshone v. United States, No. 06-914, 2011 WL 6091340, (Dec. 6, 2011); Muscogee (Creek) Nation of Okla. v. United States, No. 06-918, 2011 WL 6017188, (Dec. 2, 2011); Rosebud Sioux Tribe v. United States, 06–924, 2011 WL 6017542, (Dec. 2, 2011).

Because Tohono precludes the CFC from exercising jurisdiction over cases with substantially the same operative facts while the District Court case is pending, the CFC action must be dismissed.  Tohono, 131 S.Ct. at 1731.[2]

---

[2]  In its August 29, 2011 response to Defendant's motion to dismiss, Plaintiff requested that the Court "hold its decision" on the motion while Plaintiff sought to transfer its District Court complaint to the Court of Federal Claims.  Because Plaintiff has not reiterated that request or referenced any motion to transfer, including in the parties' January 25, 2012 joint motion for a temporary stay, the Court deems that Plaintiff has abandoned this request.

### Conclusion

Defendant's motion to dismiss is **GRANTED**.  The Clerk of the Court is directed to dismiss Plaintiff's complaint for lack of jurisdiction.


s/Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Judge**